**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEGLODON FINANCIAL, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RENADA NADINE MARCH, ) <br> ) <br> Defendant. ) <br> _____ ) | NO. SACV 09-01355 GW (SS) <br><br> **ORDER REMANDING ACTION TO THE** <br><br> **SUPERIOR COURT OF CALIFORNIA FOR** <br><br> **THE COUNTY OF ORANGE** |

On November 16, 2009, Defendant Renada Nadine March ("Defendant") filed a Notice of Removal. Defendant removed the instant action to this Court from the California Superior Court for the County or Orange. Defendant attached the state court Complaint (see Notice of Removal, Exh. A); Defendant's Answer (see Notice of Removal, Exh. B); and Defendant's Amended Answer (see id.) to the Notice of Removal. Defendant asserts that removal is proper pursuant to 28 U.S.C. § 1443(1) and § 1446(b).[1]  (Notice of Removal at ¶¶ 10, 11).

---

[1] 28 U.S.C. § 1443(1) provides:

On November 24, 2009, the Court issued an Order to Show Cause Why Action Should Not Be Remanded to State Court because there did not appear to be any basis for federal jurisdiction. Defendant filed a Response to the Order to Show Cause ("Response") on December 1, 2009. The Court has considered the Response and finds that it fails to justify removal.

The Court is required to consider issues related to federal subject matter jurisdiction and may do so sua sponte. <u>Steel Co. v. Citizens For A Better Environment</u>, 523 U.S. 83, 93-94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). In the case of a removed action, a district court must

---

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]
>
> 28 U.S.C. § 1446(b) provides:
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> In addition, Plaintiff cites <u>Dombrowski v. Pfister</u>, 380 U.S. 479, 85 S. Ct. 1116, 14 L. Ed. 2d 22 (1965), as a basis for removal. (Notice of Removal at ¶ 11). However, <u>Dombrowski</u> is not on point and provides no basis for removal.

remand the case to state court if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction. <u>Guas v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). "[R]emoval statutes are strictly construed against removal." <u>Luther v. Countrywide Home Loans Servicing LP</u>, 533 F.3d 1031, 1034 (9th Cir. 2008)(citations omitted). Doubts regarding the propriety of the removal therefore favor remanding the case. <u>Gaus</u>, 980 F.2d at 566.

In the present case, removal was improper because there is no basis for federal jurisdiction. The pleadings do not allege a basis for diversity jurisdiction under 28 U.S.C. § 1332. (<u>See</u> Notice of Removal, Exh. A; Civil Cover Sheet at 1 (listing California addresses for both Plaintiff Meglodon Financial LLC ("Plaintiff") and Defendant)). In addition, contrary to Defendant's assertion (<u>see</u> Response at 7), it is not clear that the action meets the amount in controversy requirement for diversity jurisdiction. Pursuant to 28 U.S.C. § 1332(a), a federal court does not have jurisdiction over a diversity case unless the amount in controversy "exceeds . . . $75,000, exclusive of interest and costs." Plaintiff filed this action in California state court as a limited civil case, demanding damages of less than $10,000. (<u>See</u> Notice of Removal, Exh. A at 1). Plaintiff seeks only possession of the premises, costs incurred in this proceeding, and rent at a daily rate of $76.67 for the period of October 14, 2009 through the date of entry of judgment. (<u>See id.</u> at 3). Thus, this action does not meet the minimum jurisdictional amount. <u>See, e.g.</u>, <u>Deutsche Bank Nat'l Trust Co. v. Franco</u>, 2009 WL 3045972, at *1 (N.D. Cal. Sept. 23, 2009) ("Plaintiff's action is for unlawful detainer. The complaint was filed as a limited civil action, meaning that the amount in controversy is less than $10,000. In

3

1 addition, the amount of damages sought in the complaint is $30 per day,
2 accruing since July 14, 2009.  Thus, at the time of removal, less than
3 $2,000 in damages was at stake.  Based on the record presented, it is
4 facially apparent that this case does not meet the minimum amount in
5 controversy to satisfy the requirements of 28 U.S.C. § 1332.").

7      Similarly, there is no basis for federal question jurisdiction
8 under 28 U.S.C. § 1331.  The underlying state court action is an
9 unlawful detainer action against Defendant.  (Notice of Removal, Exh. A
10 at 1).  The Complaint alleges only state law claims against Defendant.
11 Although Defendant asserts that the Complaint violates her federal
12 constitutional rights (see Notice of Removal at ¶¶ 3-11), a defendant
13 generally may not create removal jurisdiction based upon her defenses or
14 counterclaims.  See Franchise Tax Bd. v. Constr. Laborers Vacation
15 Trust, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) ("For
16 better or worse . . . a defendant may not remove a case to federal court
17 unless the plaintiff's complaint establishes that the case 'arises
18 under' federal law."), superseded by statute on other grounds as stated
19 in Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 n.3 (9th Cir.
20 1988); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.
21 Ct. 2425, 96 L. Ed. 2d 318 (1987) ("[A] case may not be removed to
22 federal court on the basis of a federal defense").
23 \\
24 \\
25 \\
26 \\
27 \\
28      Nor does this case fall into the narrow class of cases removable

4

under 28 U.S.C. § 1443(1).[2] The Supreme Court has held that, for a case to be removable under section 1443(1), the removal petition must meet two requirements.  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966)); see also Arizona v. Carroll, 2009 WL 3219272, at *2 (D. Ariz. 2009) ("Broad contentions of deprivations of equal protection and due process . . . will not support removal under § 1443(1)." (internal quotation marks omitted)).  Second, either the denial of the specified right must "be manifest in a formal expression of state law" or the defendant must show that there is "an equivalent basis . . . for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court." Rachel, 384 U.S. at 803 (internal quotation marks omitted).

Defendant meets neither of these requirements.  Defendant asserts that the unlawful detainer action denies her civil rights on the basis of her gender and age.  (Notice of Removal at ¶¶ 3, 7).  She has not alleged that her rights are being denied "under a federal law providing for specific civil rights stated in terms of racial equality." Johnson,

---

[2] Appropriately, Defendant does not assert the case is removable under 28 U.S.C. § 1443(2).  "[T]he second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood v. Peacock, 384 U.S. 808, 824, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966).

5

421 U.S. at 219 (internal quotation marks omitted); see also California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) (per curiam) ("[Removal] petitioners must assert, as a defense to the [action], rights that are given to them by explicit statutory enactment protecting equal racial civil rights."); Grievance Adm'r v. Fieger, 409 F. Supp. 2d 858, 863 (E.D. Mich. 2005) (remanding case when removing party "has not alleged, nor can he show, that he suffered a deprivation of equal rights because of his race").

Despite clear Supreme Court and Ninth Circuit precedent on this point, Defendant asks this Court to extend the reach of § 1443(1) to encompass cases, like this one, that have nothing to do with race. (See Response at 10). However, this Court lacks the authority to overrule or ignore decisions of the Ninth Circuit or the Supreme Court. See, e.g., Roper v. Simmons, 543 U.S. 551, 594, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005) ("[I]t remains this Court's prerogative alone to overrule one of its precedents. That is so even where subsequent decisions or factual developments may appear to have significantly undermined the rationale for our earlier holding." (internal citation and quotation marks omitted)); Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001) ("Binding authority must be followed unless and until overruled by a body competent to do so."); Powell v. Arkansas, 310 F. Supp. 142, 144 (W.D. Ark. 1970) ("The United States Supreme Court has not chosen to extend removal under 28 U.S.C. § 1443 and this Court does not consider it wise nor legal to do so.").

//
//

Defendant also fails to satisfy the second prong of the test. She

has neither identified a formal expression of state law that manifestly denies her rights nor shown an equivalent basis for a firm prediction that she will not be able to enforce her rights in the California courts. Defendant asserts that certain state "customs, practices, and policies" will result in a denial of her rights. (Response at 5; see also Notice of Removal at ¶ 13). However, this assertion alone cannot support removal under Section 1443(1), which only permits removal "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." Peacock, 384 U.S. at 828 (emphasis added). Nowhere in the Notice of Removal or Response does Defendant identify an explicit legislative enactment that will inevitably deny her rights. Instead, she argues that, based upon advice she received at the Orange County Legal Aid Clinic that "defendants [in California] in [u]nlawful [d]etainer actions have no effective defense or counterclaims." She therefore believes her civil rights are violated. (Notice of Removal at ¶ 4; see also Response at 5). She also refers to anecdotal evidence from unidentified witnesses that the California courts provide litigants pursuing unlawful detainer actions "an unfair advantage" over their opposing parties. (Response at 4). Defendant's allegations do not satisfy the statute's requirements for removal.

\\
\\
\\
\\

The Supreme Court recognized in Peacock:

7

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.

Peacock, 384 U.S. at 827. Rather, the defendant must show that her federal rights "will inevitably be denied by the very act of bringing the defendant to trial in the state court." Id. at 828. Defendant has not met this standard. Accordingly, this case does not fall into the "specific and extremely narrow" grant of removal jurisdiction under 28 U.S.C. § 1443(1).[3] Davis v. Superior Court, 464 F.2d 1272, 1273 (9th Cir. 1972).

//
//
//
//

Consistent with the foregoing, Defendant's requests for discovery and an evidentiary hearing are DENIED. IT IS ORDERED that this action

---

[3] Defendant asks for an evidentiary hearing to establish that the case is removable under Section 1443(1). (See Response at 4). Generally, a section 1443(1) removal petitioner is entitled to notice of a proposed remand and "an opportunity to present his arguments in opposition." California v. Pobuta, 437 F.2d 1200, 1200 (9th Cir. 1971) (per curiam). Defendant has received both: the Order to Show Cause provided notice and she presented her opposing arguments in her Response. Moreover, where, as here, "it is perfectly apparent that the very narrow ground for removal not only is not, but cannot conceivably be stated," no evidentiary hearing is necessary. Davis, 464 F.2d at 1273.

8

is REMANDED to the Superior Court of California for the County of Orange. The Clerk of the Court shall serve copies of this Order on Defendant and counsel for Plaintiff.

DATED: December 11, 2009.

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

/S/

_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

9