UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA 09-1355-GW(SS) | Date | February 8, 2010 |
| Title | *Meglodon Financial, LLC v. Renada Nadine March* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | Renada N. March, in pro per |

PROCEEDINGS: DEFENDANT RENADA NADINE MARCH'S MOTION TO AMEND OR ALTER JUDGMENT OF REMAND PURSUANT TO 28 USC 1447(d) (filed 01/08/10)

Hearing is held. Counsel for plaintiff is not present. The tentative circulated is hereby adopted as the Court's final ruling (attached). Defendant Renada Nadine March's Motion to Amend or Alter Judgment of Remand Pursuant to 28 U.S.C. 1447(d) is **denied.**

IT IS SO ORDERED.

: 07

Initials of Preparer   JG

*Meglodon Fin., LLC v. March*, Case No. CV-09-1355
Ruling on Defendant's Rule 59(e) Motion to Amend or Alter Judgment of Remand

Defendant Renada Nadine March ("Defendant") moves pursuant to Fed. R. Civ. P. 59(e) to amend or alter the "judgment" of remand this Court issued on December 11, 2009. Rule 59(e) motions are proper where there is newly discovered evidence, the district court committed clear error or its initial decision was manifestly unjust, or where there is an intervening change in the controlling law. *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). The only conceivable category Defendant's instant motion fits within is the clear error/manifest injustice category. Even as to that category, however, Defendant cannot prevail.

At the very least, the Court neither clearly erred nor committed manifest injustice in concluding that Defendant could not satisfy the second requisite prong of a 28 U.S.C. § 1443(1) removal. California Civil Code section 2924 *et seq.* does not constitute a formal expression of California law that manifestly denies Plaintiff's rights, nor has Plaintiff demonstrated an equivalent basis – reserved for "the unusual case" – for an <u>equally</u> firm prediction that the California courts will not allow her to be able to enforce rights given to her by a statute protecting equal racial civil rights. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) ("Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."). Plaintiff is of course correct that a federal court can enjoin state proceedings in certain circumstances; she simply has not demonstrated a proper basis for removal here.

There being no reason to alter or amend the "judgment" of remand,[1] there is no case for this Court to consider transferring this action to Judge Carter. The matter has been remanded, and it should remain so.

---

[1] Even if the Court were to consider Plaintiff's motion under Fed. R. Civ. P. 60 (its likely appropriate procedural footing), the motion satisfies none of the proper conditions for relief under that rule. *See School Dist. No. 1J*, 5 F.3d at 1263.

1